139 F.3d 902
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
United States of America, Plaintiff-Appellee,
v.
Fong VANG, Defendant-Appellant.
 No. 97-2953, 97-2954.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 9, 1998*.
Decided Feb. 19, 1998.
 
 Appeal from the United States District Court for the Western District of Wisconsin. Nos. 96-CR-11-C-01 & 97-CR-11-C-01 Barbara B. Crabb, Judge.
 Before Hon. WILLIAM J. BAUER, Hon. JOHN L. COFFEY, Hon. DANIEL A. MANION, Circuit Judges.
 
 ORDER
 
 1
 A jury found Fong Vang guilty of three counts of transportation of a minor with intent to engage in criminal sexual activity in violation of 18 U.S.C. § 2423(a), and Vang pleaded guilty to one count of failing to appear before a court as required by the conditions of release in violation of 18 U.S.C. § 3146(a)(1), (b)(1)(A)(ii). The district court sentenced Vang to 324 months' imprisonment, the bottom of his guideline range. Vang appeals the district court's application of a cross-reference to criminal sexual abuse in sentencing him for transportation of a minor with intent to engage in criminal sexual activity pursuant to United States Sentencing Guidelines ("U.S.S.G.") § 2G1.1 (Nov. 1, 1996). Vang also appeals the district court's exclusion of certain evidence at trial. We affirm.
 
 
 2
 We review the district court's interpretation of the sentencing guidelines de novo and its factual findings for clear error. See United States v. Wimberly, 60 F.3d 281, 287 (7th Cir.1995). Vang contends that the district court's application of the sentencing guidelines' cross-reference to criminal sexual abuse violated his due process and Sixth Amendment rights because he was neither charged with nor convicted of that offense. This argument is meritless. See United States v. Vang, 128 F.3d 1065, 1073 (7th Cir.1997), petition for cert. filed, (U.S. Jan. 21, 1998) (No. 97-7612). See also United States v. Dawn, 129 F.3d 878, 883-84 (7th Cir.1997) (collecting cases). Vang does not dispute the district court's conclusion that his offenses actually involved criminal sexual abuse. Therefore, his argument is nothing more than a challenge to the district court's consideration of his relevant conduct in sentencing him.
 
 
 3
 The law is well established that sentencing judges are permitted to consider the conduct surrounding the offense of conviction in devising an appropriate sentence, "regardless of whether the defendant was ever charged with or convicted of that conduct, and regardless of whether he could be." Dawn, 129 F.3d at 884 (citing, inter alia, United States v. Watts, 519 U.S. 148, 117 S.Ct. 633, 136 L.Ed.2d 554 (1997) (per curiam) (permissible to consider conduct underlying charges of which defendant was acquitted), and United States v. Valenti, 121 F.3d 327, 334 (7th Cir.1997) (permissible to consider conduct outside of statute of limitations)). Considering conduct related to the offense of conviction at sentencing is not tantamount to holding the defendant criminally liable for that conduct. Id. (citing Watts, 519 U.S. at ----, 117 S.Ct. at 636; Witte v. United States, 515 U.S. 389, 401-04, 115 S.Ct. 2199, 132 L.Ed.2d 351 (1995)). Rather, "the very purpose of looking to circumstances beyond the offense of conviction is to decide what degree of punishment to impose within the typically broad range authorized by the criminal statute, by determining what a particular defendant actually did." Id. (citations omitted). "However much it may look like the defendant is being sentenced for a different offense--and the cross-referencing provisions of the Guidelines often make it appear very much as though he were--he is actually being sentenced solely for the crime or crimes of which he was convicted." Id. (citations omitted). Therefore, the district court's application of the cross-reference to criminal sexual abuse did not violate Vang's due process or Sixth Amendment rights.
 
 
 4
 Vang next argues that the district court relied on misinformation in the Presentence Investigation Report ("PSI") in sentencing him. The district court adopted the PSI guideline calculations, which recommended that Vang's offense level be increased by 4 levels pursuant to U.S.S.G. § 2A3.1(b)(1), the criminal sexual abuse guideline. Vang contends that his offense level should not have been enhanced under § 2A3.1(b)(1) because that provision applies only if the offense was committed by the means set forth in 18 U.S.C. § 2241(a) or (b), whereas Vang was convicted of violating 18 U.S.C. § 2423(a). This argument rings of Vang's first argument and is equally meritless.
 
 
 5
 The guideline for criminal sexual abuse provides for a 4-level enhancement if the offense was committed by the means set forth in 18 U.S.C. § 2241(a) and (b), which include using force against the victim. U.S.S.G. § 2A3.1(b)(1) & Application Note 1 (1997). The sentencing court applied the enhancement because Vang had used force to cause another person to engage in a sexual act, thereby bringing Vang within the parameters of the enhancement. 18 U.S.C. § 2241(a). Vang does not dispute that he used such force. That Vang was not convicted of violating 18 U.S.C. § 2241(a) or (b) does not render the criminal sexual abuse cross-reference inapplicable. See Vang, 128 F.3d at 1073; Dawn, 129 F.3d at 884. Therefore, the district court's imposition of the 4-level enhancement was not erroneous.
 
 
 6
 Vang further argues that the district court's application of the 1997 Sentencing Guidelines violated the constitutional prohibition against ex post facto laws, U.S. Const. art. I, § 9. However, Vang agreed at sentencing that if the cross-reference applied, his sentence would be the same under either version of the Guidelines. The district court correctly applied the cross-reference, which was unchanged by the 1997 amendments. See U.S.S.G. § 2G1.1(c)(2) (1997); § 2G1.2(c)(2) (1995).[1] The language of the section cross-referenced, § 2A3.1, likewise remains unchanged. Therefore, Vang's sentence does not violate the ex post facto clause.
 
 
 7
 Finally, Vang challenges the district court's exclusion of a police report as hearsay. At trial, Vang attempted to impeach the testimony of one of the victims ("M.L.") by introducing a police report prepared by a detective of the La Crosse Police Department. In the report, the detective recorded M.L.'s statement to him that she had not had sex with any of the men on the trip, contrary to her testimony at trial. Vang argued at trial and now on appeal that the report falls within the hearsay exception set forth by Federal Rule of Evidence 803(8)(C).
 
 
 8
 Federal Rule of Evidence 802 generally bars the admission of hearsay, but Rule 803 lists categories of evidence not excluded by the hearsay rule, even though the declarant is available as a witness. Rule 803(8) provides, in relevant part:
 
 
 9
 Records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth ... (B) matters observed pursuant to duty imposed by law as to which matters there was a duty to report, excluding, however, in criminal cases matters observed by police officers and other law enforcement personnel, or (C) ... against the Government in criminal cases, factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness.
 
 
 10
 The district court determined that the report did not make a factual finding with respect to the verity of M.L.'s statement, but just recorded the detective's observation of what he was told. The court therefore determined that Rule 803(8)(C) did not apply and that Rule 803(8)(B) rendered the police report inadmissible.
 
 
 11
 We review decisions by the district court to admit or exclude evidence for abuse of discretion. United States v. Johnson, 127 F.3d 625, 630 (7th Cir.1997). The district court correctly concluded that the record of M.L.'s statement was not a "factual finding," as required by Rule 803(8)(C), because it did not result from any evaluative process. See United States v. D'Anjou, 16 F.3d 604, 610 (4th Cir.1994). Rather, the report is nothing more than a transcript of what M.L. told the detective--a record of what he observed her say. Accordingly, the district court did not abuse its discretion in excluding the report under Rule 803(8)(B). See United States v. Wyatt, 437 F.2d 1168, 1170 (7th Cir.1971) (concluding that a police report containing third-party statements was hearsay). See also United States v. Mackey, 117 F.3d 24, 28 (1st Cir.1997) ("[H]earsay statements by third persons ... are not admissible under [Rule 803(8)(C)] merely because they appear within public records."); United States v. Ortiz, 125 F.3d 630, 632 (8th Cir.1997).
 
 
 12
 For the foregoing reasons, the district court did not err in sentencing Vang according to the criminal sexual abuse provision of the sentencing guidelines or in excluding the police report as hearsay. Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary in this case; accordingly, the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f)
 
 
 [1]
 Section 2G1.2 (1995) was deleted by consolidation with § 2G1.1, effective November 1, 1996. U.S.S.G., App. C, amend. 538 (Nov. 1, 1996). However, the wording of the relevant cross-reference was not changed